UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOUIS ALMODOVAR,

        Plaintiff,

-against-

FAMILY GROCERY NO. 2, INC. and LOURIAN
ASSOCIATES L.P.,

        Defendants.

Case No. 16CV5118

**COMPLAINT**

---

Plaintiff, LOUIS ALMODOVAR (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues defendants FAMILY GROCERY NO. 2. INC. (the "Grocery Store") and LOURIAN ASSOCIATES L.P. (the "Landlord") (the Grocery Store and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

1. Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Restaurant's goods and services.

2. Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

3. Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff is and has been at all times material here to a resident of the State of New York.

7. The Plaintiff uses a wheelchair to ambulate as the result of the amputation of his leg when he was an infant. Plaintiff therefore has a disability within the meaning of the Title III of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8. The Grocery Store owns and operates a retail establishment which sells food products at the premises known and designated as 2620 Frederick Douglass Boulevard, New York, New York (the "Property"). The Landlord is the owner of the Property. Both the Grocery Store and the Property are "public accommodations" within the meaning of the ADA (28 C.F.R. §36.104).

## STATEMENT OF FACTS

9. Plaintiff regularly visits the neighborhood where the Grocery Store is located. He last visited the Grocery Store on or about June 27, 2016.

10. The step at the entrance to the Grocery Store makes it impossible for Plaintiff to enter in his wheelchair.

11. The failure of Defendants to remove the barriers to access complained of herein violates the rights of the Plaintiff and other wheelchair users who want to patronize the Grocery Store.

12. Records of the NYC Department of Buildings reveals that the Property has been modified and/or altered since the implementation of the ADA.

13. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination against him, in violation of the ADA and its implementing regulations.

14. Plaintiff also alleges claims for violation of the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

15. Plaintiff continues to look forward to buying goods from the Grocery Store when the barriers to his enjoyment of the goods and services of the Grocery Store have been removed.

16. The services, features, elements and spaces of the Grocery Store are not readily accessible to, or usable by, Plaintiff.

17. An inspection of the Grocery Store was conducted and revealed the following:

The entrance is located on Frederick Douglass Boulevard and has a 6" rise/step. The door opens out to the sidewalk without any clearance on the pull side of the door. The inside of the door has a horizontal bar used for exiting. There are fresh fruits and vegetables on display on the left as you enter. Some of the aisles are not wide enough to allow a wheelchair to pass due to merchandise stacked in the aisles. There is one service counter with one register. The service counter is at least 42" high, with inventory stored to the left and in front of the counter.

The following provisions of the 2010 ADA Standards for Accessible Design are set forth as a reference to identify the barriers which prevent Plaintiff from using and entering the

3

premises:

403.1 requires walking surfaces which are a part of an accessible route comply with 403 by ensuring that changes in level greater than 1/2 inch high be ramped (303.4), and compliance with the ramping requirements of 405 or 406. The Defendants have failed to ramp the rise at the doorway so Plaintiff may enter in his chair.

404.2.4 requires minimum maneuvering clearances at doors that extend the full width of the doorway and the required latch side. This doorway requires a 60 inch maneuvering clearance in front of the entrance doors, with no change in level except as listed above. The step at the entrance is within the required maneuvering clearance so that Plaintiff may not move from the sidewalk into the store.

227.1 requires sales counters and service counters to comply with 227 and 904. 227.3 requires at least one of each type of sales counter and service counter to comply with 904.4. 904.4.1 requires a portion of the counter surface that is 36 inches long minimum and 36 inches high maximum above the floor. A clear floor space complying with 305 must be positioned for a parallel approach adjacent to the 36 inch minimum length of counter. There is no portion of the sales counter which is accessible to the Plaintiff due to the height.

18. All of the foregoing violations were reviewed with Plaintiff prior to the filing of this Complaint, and photographs depicting some of the barriers are annexed as Exhibit A and incorporated by reference herein.

19. Defendants' failure to remove architectural barriers described above so as to provide the same opportunity to take advantage of the goods and services offered by the Grocery Store to non-disabled patrons constitutes discrimination of Plaintiff, in violation of 42 USC § 12182(b)(ii) and 42 USC § 12182(2)(A)(iv).

20. Defendants failed to remove the barriers complained of, even though it is readily

achievable to do so (42 USC § 12182(2) (a)).

21.In the alternative, there are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and facilities offered at the Candy Store accessible to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

## CLAIMS FOR RELIEF

### CLAIM I

### READILY ACHIEVABLE BARRIER REMOVAL

22.It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II

### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

23.In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 17, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

24.By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

### CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

25.It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17. By failing to remove barriers to access to the extent it is

readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

26. In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

27. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4), by maintaining and/or creating an inaccessible place of public accommodation.

28. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## CLAIM V

### VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAWS

29. The Defendants have discriminated against plaintiff pursuant to New York State Executive Law.

30. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

31. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights

of Plaintiff as to the Defendants' place of public accommodation

B.  Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but not limited to the violations set forth above, specifically ramping the front entrance and providing an accessible sales counter;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.  Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

F.  Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

G.  Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

H.  Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: June 29, 2016

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, New York 10119
(212) 967-4440

# EXHIBIT A














